UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-130-LEW |
| | ) | |
| NORTHEASTERN UNIVERSITY, | ) | |
| NHR II MASTER TENANT LLC, | ) | |
| REDFERN PROPERTIES LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |

ORDER ON RECOMMENDED DECISION, OBJECTION, MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT, AND MOTION FOR TERMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Before the Court is Plaintiff Jane Doe's Objection (ECF No. 37) to the Magistrate Judge's Recommended Decision of August 31, 2026 (ECF No. 31), alongside Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF No. 38-1) and Plaintiff's Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF No. 40). The standard of review outlined in the Recommended Decision is incorporated by reference. Following a *de novo* review of the record, the operative pleadings, and the proposed Third Amended Complaint (TAC), it is hereby **ORDERED**:

The Court DECLINES TO ADOPT the Recommended Decision's recommendation of a sua sponte dismissal of the action under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Motion for Leave to File Third Amended Complaint is GRANTED. The Third Amended Complaint (TAC) will be the operative pleading in this case and will supersede all prior versions. The Motion to seal is DENIED (ECF No. 39).

Plaintiff's Emergency Motion for a Temporary Restraining Order is DENIED and the Motion for Preliminary Injunction will remain under consideration.

The Court reserves the Plaintiff's motions at ECF Nos. 4, 6, 7, and 39.

## A. FEDERAL CLAIMS AND RELATED MAINE HUMAN RIGHTS ACT CLAIMS

Concerning the federal claims and related claims under the Maine Human Rights Act, and without prejudice to the Defendants' ability to move for dismissal pursuant to Fed. R. Civ. P. 12, the Court finds that the TAC contains sufficient allegations to overcome the low screening hurdle on the following theories, subject to the dismissal of certain defendants on certain counts:

### 1. Discrimination and Failure to Accommodate (Count II)

Based on a preliminary review, the claims arising under ADA Title III, 43 U.S.C. § 12182, and Section 504, 29 U.S.C. § 794, will proceed to service in light of allegations concerning medical findings and the accommodation request for housing stability during the alleged recovery window and the exam-access and academic-accommodation allegations.

### 2. Disability Interference/Retaliation (Count III)

Based on a preliminary review, the claims arising under the ADA, 42 U.S.C. § 12203(a)-(b), and Section 504 will proceed to service in light of allegations concerning the temporal proximity between Plaintiff's cease and desist notice and residential access revocations, alongside threats of conduct discipline to interfere with alleged housing rights.

**3. Fair Housing Act (FHA) (Counts IV and V)**

Based on a preliminary review, the claims arising under the FHA, 42 U.S.C. §§ 3617, 3604(a)-(b), will proceed to service in light of allegations of extrajudicial lockouts, interruption of heat and utilities during winter conditions, and seizure of medication in January of 2026, as well as the alleged initial assignment and billing of a code-deficient housing unit and alleged overreaction to a disciplinary matter based on racial stereotypes.

**4. Racial & National Origin Discrimination (Counts XV, XVI, XVII)**

Based on a preliminary review, the Plaintiff's race and national origin claims arising under Title VI, 42 U.S.C. § 2000d, 42 U.S.C. § 1981, and the FHA, 42 U.S.C. §§ 3604(a), (b) and 3617, will proceed beyond the preliminary screening process. As for the Title VI claim against Northeastern, Plaintiff alleges that Northeastern refused her request for large-print, audio, and translated examination questions by characterizing them as a preference to receive information in her "native language." Plaintiff alleges that the large-print and audio requests addressed documented visual and processing limitations, not language preference, and that Northeastern substituted an assessment based on her national origin for the disability-related assessment the requests required.

In relation to fair housing, the race-based claims are marginal but colorable. The issuance of allegedly code-deficient housing and the disciplinary characterization of the Plaintiff as dangerous despite the existence of cause to think otherwise, allegedly based on racial stereotypes, will proceed to service, once again without prejudice to a motion to dismiss.

The § 1981 claim will likewise proceed as against Northeastern. The Plaintiff alleges a series of actions affecting her academic and housing relationships, and the Court considers the same wholistically at this stage. As for the individual defendants swept up in this claim (Count XV), the allegations against Defendant Barry afford the strongest basis for an inference of racial bias, if one is to be made. The allegations against Defendant Domino are weaker. The Plaintiff alleges that Domino advised her to "prepare to fail," but nothing in terms of factual matter sufficiently explains why an inference of racial bias is warranted. The allegations pertaining to the remaining individual defendants are even weaker in terms of supporting an inference of racial bias.

In summary, the claim (Count XV) will proceed but will be DISMISSED against Defendants ATWOOD, CHUPREVICH, DOMINO, DROZ, ESTABROOK, GILL, and LITTLE. As to these defendants, the inference of racial bias is too weak to overcome even the low screening threshold.

## B. State Law Claims and Individual Defendants

The TAC includes several state law claims in addition to the previously identified claims under the Maine Human Rights Act.

Counts VII and VIII, sounding in negligence, are DISMISSED as to the individual defendants: LITTLE, ATWOOD, and MALLETT (Count VII) and BARRY, CHUPREVICH, and MALLETT (Count VIII). The TAC does not identify any duty owed by these defendants to the Plaintiff or the breach of such duty.

Count X is DISMISSED IN PART to the extent that it relies on the tort of Negligent Infliction of Emotional Distress. The Court will consider Count X further to the extent it

is based on the tort of Intentional Infliction of Emotional Distress, but the following individual defendants are summarily DISMISSED in relation to this Count: ATWOOD, DOMINO, GILL, LITTLE, MALLETT, O'NEIL SANFILIPPO, REMIGIO-MCGRATH. The allegations against them do not rise to the level of this tort's demanding extreme-and-outrageous-conduct standard. *See Curtis v. Porter*, 784 A.2d 18 (Me. 2001).

Count XII (Defamation) is DISMISSED in relation to O'NEIL SANFILIPPO and REMIGIO-MCGRATH because the allegations do not identify a false statement published by either individual, as opposed to their alleged involvement in handling or maintaining records.

Count XIV (Interference with Contractual Relations and Prospective Economic Advantage) is DISMISSED as to O'NEIL SANFILIPPO and REMIGIO-MCGRATH for lack of meaningful allegations of independently wrongful interference by either.

Count XIX (Implied Contract) is DISMISSED as to the named individual defendants: DOMINO, GILL, ESTABROOK, and MALLETT. There is no evident reason to impose contractual or quasi-contractual obligations on teachers or school administrators under Maine law.

Again, this Order enters without prejudice to the remaining defendants' ability to move for dismissal under Rule 12 of the Federal Rules of Civil Procedure.

## C. Emergency Motion for Temporary Restraining Order

Plaintiff's Emergency Motion for a Temporary Restraining Order (ECF No. 40) is DENIED. The emergency request is based on a November 9 deadline to register for classes that would start in the fall of 2027. The Court concludes that an imminent threat of

irreparable harm is not established at this time but recognizes that the interest warrants expedited assessment in the context of the Plaintiff's Motion for Preliminary Injunction. Although the Court could not resolve the request before the November 9 deadline, it has the authority to compel enrollment after that date and can provide timely relief for purposes of the fall 2027 term, if the Plaintiff succeeds with her Motion for Preliminary Injunction.

**D. RESERVED MOTIONS**

No ruling is entered on and the Court reserves the Plaintiff's motions at ECF Nos. 4, 6, 7, and 39. These requests will be addressed after the Defendants are served and have had the opportunity to be heard on them.

**E. SERVICE**

The Clerk will prepare summonses and facilitate service of process by the United States Marshals Service pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3) ONLY upon the following Defendants:

- Northeastern University
- NHR II Master Tenant LLC
- Redfern Properties LLC
- Madeleine Estabrook
- Kyle Droz
- Annie Chuprevich
- Chris Mallett
- Deanna Barry
- Amber Dorcus

SO ORDERED.

Dated this 10th day of November, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge